GEORGE L. PEASE, Respondent, *v.* AARON FIELD *et al.,*. Appellants.

*N. Y. Supreme Court, Second Department, General Term, May* 13, 1889.

*Questions for the jury. Verdict conclusive.*—Where the question as to what were the terms of the contract between plaintiff's assignor and the defendant in regard to the commissions on selling goods, whether there was a fixed limit in which plaintiff's assignor was to sell all the goods, and if not, whether he proceeded and sold diligently and within a reasonable time before the auction sale prevented the execution of the contract, is submitted to the jury, their verdict, on conflicting evidence, will not be disturbed.

Appeal from a judgment entered upon a verdict, and from an order denying a motion for a new trial.

*Carlisle Norwood, Jr.,* for appellants.

*James L. Bishop,* for respondent.

BARNARD, P. J.—An examination of the very voluminous case justifies the verdict of the jury. The facts preceding the contract on which the claim rests are not disputed. C. M. Foster and C. E. Foster, under the name of C. M. Foster & Co., failed in business, and made a general assignment. At the time of the assignment there was a large amount of the goods assigned represented by warehouse receipts upon which advances had been made. The assignors offered their services as salesmen of the goods so held, and while some of the creditors agreed to the terms, there were instances where advances were needed to carry out the proposals. It was finally arranged that the goods should be sold through the intervention of the defendants' firm under an agreement that that firm was to have services, and seven and one-half per cent commission. C. M.

Foster, under this arrangement, was to be paid three and three-fourths per cent. for making the sales. The defendants obtained finally an increase of commissions so as to get eight per cent, but no change was made in commission to Foster. Foster sold at private sale a large amount of the goods, and was substantially, if not entirely paid for the sales at three and three-fourths per cent. The defendants sold the remaining goods at auction, and claimed that the agreement only was addressed to such goods as were sold by Foster at private sale. This was the question tried by the jury. It is, in the first place, very clearly shown that the efforts of C. M. Foster to obtain the selling at private sale was for his own profit. It was to get the commission, and to that end he procured the assent of the creditors, and the employment of the defendants' firm. If the defendants had the right to sell at auction, and get eight per cent., and allowed Foster nothing, it would not be a result that would be fair to Foster. The parties acted on a different assumption for some two months, and when the defendants agreed to sell at auction. While the auction sales were continued, the defendants stated that Foster was entitled to his commissions " anyway."

The witness Tallmadge, who was one of the holders of warehouse receipts, testifies that it was the agreement that all the goods were to be sold by the defendants, and that Mr. Foster would sell the goods at private sale at better prices than would be realized if forced on the market, and that on that account, the defendants were to have the eight per cent commissions. Foster's father and son both testify that the arrangement was to cover the entire list of goods, and that the commissions were to be divided equally. Mr. Foster was to receive five per cent from these creditors who assented, which included most of the goods, but by reason of the needed advancement, he would get them to advance the amount to seven and one-half per cent, and they would divide it. The subsequent advance of one-half per cent

did not benefit Mr. Foster. The defendants, while substantially admitting the contract, assert that Foster agreed to sell them all in three months, and he was sure he would in six. There was no claim made that Foster was not to sell the goods. Mr. Field, one of the defendants, testifies that the interview with Tallmadge was to the effect " that we had arranged with Mr. Foster that they would give him all these goods to sell." The only dispute is as to the time in which the sales were to be completed. The only question was, therefore, whether Foster proceeded with diligence on the time, or whether there was a fixed time, which was reached before the sale was completed. The parties were at variance in this respect, and the question was left for the determination of the jury: Was there a fixed limit? If there was not, did Foster proceed and sell diligently, and within a reasonable time, before the auction sale prevented the execution of the contract? The jury said that the contract covered all the goods, and that Foster was prevented from executing it, and their verdict on the evidence was unquestionably called for.

The judgment should, therefore, be affirmed, with costs.

PRATT, J., concurs.